**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOSE R. RIVERA :<br>　　Plaintiff, :<br>　　　　　　　　　　　　　　　:<br>v. 　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　:<br>PATRICIA A. COYNE-FAGUE, et al, :<br>　　Defendants. 　　　　　　　: | C.A. No.: 1:23-cv-00418-MSM-PAS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**JUSTIN BERK, M.D.'S MOTION TO DISMISS**

NOW COMES the Defendant, Justin Berk, M.D. ("Dr. Berk" or "this defendant"), and hereby submits this Memorandum of Law in support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint should be dismissed as to Dr. Berk as it fails to state a claim upon which relief can be granted, as it does not contain a short and plain statement of the facts demonstrating entitlement to relief. Dr. Berk contends that the factual allegations do not establish a claim for either deliberate indifference to a serious medical need in violation of the Eighth Amendment or denial of equal protection of the laws in violation of the Fourteenth Amendment. Additionally, the factual allegations do not establish the affirmative link necessary to hold Dr. Berk liable under 42 U.S.C. § 1983 for the unconstitutional conduct of others in his supervisory capacity as Medical Program Director for the Rhode Island Department of Corrections. Dr. Berk offers the following in further support of this motion:

  **I.**  **FACTS AND TRAVEL**

Plaintiff, Jose R. Rivera, is serving a life sentence at the Adult Correctional Institutes ("ACI"), in Cranston, Rhode Island, and is currently housed in the John J. Moran Medium Security facility therein. On October 12, 2023, Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights to be free from cruel and unusual punishment

and equal protection of the laws, as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. ECF 1, p. 6.[1] Plaintiff claims that the defendants exposed him to an unreasonable risk of future harm and provided inadequate medical care for his psoriasis and pulmonary issues, causing him to suffer physical and mental injuries. Plaintiff alleges the defendants were responsible for inaccurate information existing within his medical records regarding the use of a psoriasis medication. ECF 1, p. 5, ¶ 24. Plaintiff further alleges that the supervisory officials failed to inform, train, and properly supervise staff to ensure adherence to policies, allowing the subordinates to violate his rights. ECF 1, p. 5, ¶ 56. Dr. Berk denies any wrongdoing.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and that such statement should "give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A plaintiff does not need to allege all the specific facts of their claim; however, the facts alleged in the complaint must be sufficient to nudge "the claim across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (*further cited* as Twombly). A complaint will not survive a Rule 12(b)(6) motion to dismiss if it contains only "naked assertions" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(*further cited* as Iqbal) *quoting* Twombly at 557. For a claim to be plausible, the facts alleged must allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal at 678, *citing* Twombly at 556. Dismissal is appropriate if the complaint fails to set forth "factual

---

[1] Plaintiff also asserts violations of the Rhode Island Constitution and unnamed "institutional Rules and Policy."

2

allegations…respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

As the plaintiff is *pro se*, his pleadings are to be read with leniency and liberally construed. *See* Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, Plaintiff's *pro se* status does not permit complete non-adherence to rules of this Court. *See* Hastings v. Kerner, 404 U.S. 519, 520-521 (1972); Hinkle v. Gentry, 529 F.Supp.2d 281 (D.Mass. 2008); United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992). While the court must accept all well-plead factual allegations as true, and draw all reasonable inferences in favor of the plaintiff, to survive a motion to dismiss, the complaint must still present sufficient factual allegations to establish a plausible right to recovery. Iqbal at 678; Twombly at 556. In analyzing a motion to dismiss, this Court "should employ its own 'judicial experience and common sense, but only to determine whether the inference of liability is a reasonable one; that is, the court must excise unreasonable inferences but it may not eliminate improper, or even incredible, allegations." Utica Nat'l Ins. Group v. BMW of N. Am., LLC, 45 F.Supp. 3d 157, 159 (D. Mass 2014)(*citing and quoting* Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12-13 (1st Cir. 2011)(*citing and quoting* Iqbal, 556 U.S. at 679)).

### III.  ARGUMENT

Plaintiff's Complaint fails to allege facts sufficient to support his claims for constitutional violations against Dr. Berk warranting dismissal pursuant to Rule 12(b)(6). It fails to establish the *prima facie* elements of deliberate indifference to a serious medical need and denial of equal of protection of the laws, and further fails to demonstrate an affirmative link between Dr. Berk in his supervisory capacity and the alleged rights-violating acts of his subordinates. *See* DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Sanchez

3

v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009)(*citing* Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)). Even when viewing the factual allegations in the light most favorable to the plaintiff, and applying the most liberal standard of analyzing a *pro se* pleading, nothing in the alleged facts as to Dr. Berk could be deemed to describe actionable conduct; therefore, Plaintiff's Complaint must be dismissed as a matter of law. Haines, 404 U.S. at 520-521; Gagliardi, 513 F.3d at 305; Iqbal at 678; Twombly at 556.

### A. **Plaintiff fails to allege facts sufficient to satisfy the elements of a claim for deliberate indifference to a serious medical need.**

Plaintiff's first claim for relief is based on allegations of inadequate medical care and exposure to a serious risk of harm, which Plaintiff contends amounted to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. ECF 1. While it is well established that an inmate may bring a claim challenging the conditions of confinement, including medical care, pursuant 42 U.S.C. § 1983, to satisfy the notice pleading standard established by Rule 8(a)(2), the plaintiff must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle at 104. A claim for relief based on deliberate indifference to a serious medical need must contain allegations sufficient to satisfy two elemental prongs. Estelle at 106. To establish the objective prong, a complaint must demonstrate a sufficiently serious medical need for which the inmate received constitutionally inadequate care. *See* Kosilek v. Spencer, 774 F. 3d 63, 91 (1st Cir. 2014). To establish the subjective prong, a complaint must demonstrate that the inadequate care was the result of deliberate indifference on the part of the named prison official. Leavitt v. Correctional Medical Services, Inc. 645 F. 3d 484, 497 (1st Cir. 2011). In the instant action, Plaintiff's Complaint must allege not only sufficiently harmful conduct on the part of Dr. Berk, but

4

demonstrate that he possessed a culpable state of mind akin to recklessness in criminal law to survive a motion to dismiss. DesRosiers at 19.

Plaintiff's factual allegations demonstrate a timeline of events giving rise to his current grievances. ECF 1. Beginning in October 2020, Plaintiff claims he was diagnosed with psoriasis and prescribed Otezla.[2] ECF 1, ¶ 15-16. Though he alleges he never received the prescribed Otezla, it remained listed as an "active medication" within Plaintiff's health record maintained at the ACI. ECF 1, ¶¶ 17, 19-20. In December 2020, Plaintiff claims he tested positive for the novel coronavirus ("COVID-19"), and due to serious, life-threatening complications arising therefrom, was urgently transferred to Kent Hospital. ECF 1, ¶ 12-13, 17. According to the plaintiff, at the time of this transfer, despite knowing that Otezla was never provided, Dr. Berk and several co-defendants permitted this inaccurate information to remain in Plaintiff's health record which was sent to his healthcare providers at Kent Hospital. ECF 1, ¶ 24. Plaintiff claims that the knowing provision of this "fictitious information" violated his Eighth Amendment rights to be free from cruel and unusual punishment. ECF 1, ¶ 30. Plaintiff further claims that he received inadequate medical care from "A.C.I. medical staff" upon his return in September 2021. ECF 1, ¶ 21-23. Even assuming the factual allegations as true, Plaintiff fails to state a plausible claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment as to Dr. Berk, and his complaint must be dismissed. *See e.g.* Stone v. Worcester Cty. Sherriff's Office, C.A. No. 18-cv-10011, 2019 U.S. Dist. LEXIS 49974 *2, *5-6,(*citing* Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019); Twombly, 550 U.S. at 570); Gagliardi, 513 F.3d at 305.

---

[2] Psoriasis is an auto-immune condition resulting in scaly, patchy, and itchy skin lesions and can vary in severity from mild to severe in terms of symptoms and skin coverage. Otezla (apremilast) is an immunosuppressant medication used to treat psoriasis in adults. https://www.otezla.com.

1. **<u>The Complaint does not allege facts sufficient to satisfy the objective prong of an Eighth Amendment claim against Dr. Berk.</u>**

Plaintiff fails to establish an objectively serious medical need for which Dr. Berk provided constitutionally inadequate medical care. <u>Id</u>. Throughout his complaint, Plaintiff identifies multiple encounters with both correctional and medical staff regarding two specific medical conditions, COVID-19 and psoriasis, both of which may constitute an objectively serious medical need for the purposes of surviving a motion to dismiss. ECF 1, ¶¶ 12-14, 15-16, 20. However, Plaintiff does not allege that Dr. Berk directly provided any medical care for either of these identified medical conditions.[3] Plaintiff's only direct allegation against Dr. Berk states that Dr. Berk, along with four other named defendants, knowingly allowed "fictitious information" to be transmitted to an outside hospital, and therefore violated the Eighth Amendment. ECF 1, ¶ 24, 30. However, the Complaint fails to establish any causal connection between this alleged wrongful conduct and any resulting harm. Plaintiff does not allege, nor would it be reasonable to infer, that receipt of a medication for psoriasis could affect the medical care provided by Kent Hospital for the life-threatening condition which necessitated Plaintiff's transfer. <u>Utica Nat'l Ins. Group</u>, 45 F.Supp. 3d 159. Similarly, this alleged wrongful conduct of Dr. Berk in December 2020 cannot plausibly be linked to *any* medical care received by the plaintiff upon his eventual return to the ACI, regardless of the condition treated, as nine (9) months elapsed between the two events.[4] <u>Id</u>. Even applying the most liberal interpretation to the factual allegations, there is no logical basis from which this Court could infer that the alleged

---

[3] Plaintiff does identify no less than six (6) medical providers, none of whom are named parties, from whom he sought treatment for these conditions.
[4] Likewise, there is no causal relationship between any "inadequate" medical care predating the alleged wrongful conduct of Dr. Berk.

6

actions of Dr. Berk resulted in the provision of inadequate medical care to the Plaintiff for any objectively serious medical need.

> 2. **The Complaint does not allege facts sufficient to satisfy the subjective prong of an Eighth Amendment claim against Dr. Berk.**

Plaintiff fails to establish that Dr. Berk engaged in conduct that rises to the level of deliberate indifference to a serious medical need as the conduct alleged was not the result of a wanton and reckless disregard to serious risk of harm and did not offend "evolving standards of decency." Estelle, 429 U.S. at 106; DesRosiers, 949 F.2d at 19; Leavitt, 645 F.3d at 497. As an initial matter, Plaintiff does not establish a basis for imputing the knowledge of the "fictitious information" within his medical record to Dr. Berk, other than naming him as a medical provider and supervisor at the ACI. ECF 1, ¶4. Setting aside this flaw, it becomes clear that Plaintiff cannot establish the subjective element of his claim against Dr. Berk. DesRosiers at 19. Despite early success in mitigating the spread of COVID-19, by November 2020, the ACI was faced with a seemingly uncontrollable surge in infection amongst the inmate populations. *See e.g.* DeBritto v. Coyne-Fague, C.A. No. 2021-00017, 2023 U.S. Dist. LEXIS 134714 (D.R.I. Aug. 1, 2023). According to the Plaintiff, after contracting COVID-19 in December 2020, he became gravely ill and was "rushed" to Kent Hospital where he was admitted for four (4) months of intensive medical care. ECF 1, ¶ 12-14. Plaintiff asks this Court to infer that at the moment of his emergency transfer, Dr. Berk exhibited a wanton and reckless disregard to a serious risk of harm by allowing a mundane inaccuracy within a health record to disseminate to an outside hospital. DesRosiers, 949 F.2d at 19. Such an inference would be illogical as the plaintiff's urgent transfer had no relation to his psoriasis nor could the course of medical treatment for COVID-19 complications be reliant on the use of Otezla. Iqbal, 556 U.S. 678; Utica Nat'l Ins. Group, 45 F.Supp. 3d at 159. Analyzing the factual allegations, taking into account the attendant

7

circumstances and common knowledge, this Court could *only* infer deliberate indifference if it disregards judicial experience and common sense, thereby reaching unreasonable, illogical inferences in its determination of whether or not the allegations state a plausible claim for relief. Iqbal, 556 U.S. 678; Utica Nat'l Ins. Group, 45 F.Supp. 3d at 159.

### B. Plaintiff fails to establish the requisite elements of a claim for violation of his constitutional right to equal protection of the laws.

Plaintiff's second count seeks damages for violations of his Fourteenth Amendment rights to equal protection of the laws based on the allegations that he was not given treatment for psoriasis, unlike other inmates with the same medical condition. ECF 1, p. 6, ¶ 33-36. In order to state a claim of denial of equal protection, the plaintiff "must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311,1318-1319 (11th Cir. 2006) (*citing* Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001); Damiano v. Florida Parole and Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986)). Simply put, to state a plausible claim for relief, the plaintiff must show that "he received treatment different from that received by similar situated individuals *and* that the unequal treatment stemmed from a discriminatory intent." Prescott v. Johnson, C.A. No. 6:18cv577, 2022 U.S. Dist. LEXIS 39726 (E.D.Tex. Mar. 7, 2022)(*internal citations omitted*)(*emphasis added*). Dismissal is appropriate as the plaintiff's allegations do not allow this Court to reasonably infer that he was a member of a protected class who was intentionally denied adequate medical care because of his membership in that protected class.

1. **Plaintiff's factual allegations do not establish his membership in a protected class warranting constitutional protection.**

Plaintiff's equal protection claim must fail as a matter of law as he fails to establish membership in a protected class. To state a viable equal protection claim under 42 U.S.C. § 1983, a complaint must establish that the aggrieved party is a member of a protected class. Sweet, 467 F.3d 1319 (*race, religion, national origin, or some other constitutionally protected basis*); Keenan v. City of Phila., 983 F.2d 459, 465 (3d Cir. 1992). A plaintiff may assert an equal protection claim as a member of a "class-of-one," but must establish themselves as a "class-of-one" by showing "an extremely high degree of similarity between themselves and the persons to whom they compare themselves," *and* that they were "intentionally treated differently," with no rational basis for such disparity. Ingleside Equity Grp., LP v. City of St. Albans, No. 2:13-CV-53, 2014 U.S. Dist. LEXIS 69599*13(D.Vt. May 21, 2014)(*internal citations omitted*). Plaintiff's allegation fails in any way to establish membership in a protected class based on his "race, religion, national origin, or some other constitutionally protected basis," and further fail to establish sufficient facts to qualify as a "class-of-one." Sweet at 1391; Ingleside Equity Grp., LP, 2014 U.S. Dist. LEXIS 69599 *13.

> "Defendants violated Plaintiff's right to be treated like other inmates that have "PSORIASIS," because these other inmates here at (A.C.I.) that have "PSORIASIS" and are receiving treatment for said condition; but Plaintiff is not receiving the medication that was prescribed "OTEZLA" to treat his severe psoriasis condition;

ECF 1, ¶34-35.

There is simply not an "extremely high degree of similarity" between Plaintiff and all other inmates who suffer from psoriasis, nor is there any allegation that there is no rational basis for the alleged disparity in treatment. Ingleside Equity Grp., LP, 2014 U.S. Dist. LEXIS 69599 *13.

    **2.**     **Plaintiff's factual allegations do not support a reasonable inference that any member of the medical staff acted with discriminatory intent when he was not provided with prescribed medication for his psoriasis.**

Should this Court decide that Plaintiff's allegations could establish membership in a protected class or class-of-one, the equal protection claim nonetheless fails as the factual allegations do not permit a plausible inference of intentional discrimination. In asserting an equal protection claim, a plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Brady v. Hegge, No. 99-15235, 2000 U.S. App. LEXIS 8963 *3 (9th Cir. May 3, 2000)(*quoting* Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998)). The complaint falls short of establishing a cognizable claim on equal protection grounds as there is neither an allegation nor a *de minimus* suggestion which would allow this Court to reasonably infer discriminatory intent. ECF 1; *See* Sweet, 467 F.3d 1319; Iqbal, 556 U.S. 662. The factual allegations are scant, establishing little more than two sets of encounters with ACI medical staff, three years apart, whereby Plaintiff was diagnosed with psoriasis and prescribed Otezla. ECF 1, ¶ 15-19. Plaintiff alleges that despite these encounters, he did not receive the medication, but offers no reasoning behind the alleged denial. ECF 1, ¶¶ 18-20, 23. There is simply no basis on which this Court could determine that the plaintiff's Complaint, even when liberally construed, allows for an inference of intentional and unlawful discrimination. Brady, 2000 U.S. App. LEXIS 8963 *3 (9th Cir. May 3, 2000)(*quoting* Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998)).

    **C.**     **Plaintiff's factual allegations do not establish a claim against Dr. Berk based on supervisory liability under 42 U.S.C. § 1983.**

Plaintiff fails to establish the affirmative link required to impute vicarious liability upon Dr. Berk in his role as the Medical Program Director at the ACI. It is well-settled law that a party may only be found liable under 42 U.S.C. § 1983 when that party, in their role as a supervisor, is

a "primary violator or direct participant in the right-violating incident," or "if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to civil rights violations." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009)(*citing* Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)). In either scenario, the plaintiff "must show 'an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit authorization' between the actor and the underlying violation." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009)(*quoting* Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)).

Plaintiff's allegations state a claim for vicarious liability under the common-law theory of *respondeat superior*, and are therefore insufficient to allow for a reasonable inference of liability under 42 U.S.C. § 1983. Plaintiff identifies Dr. Berk as a provider of medical services and supervisor of "A.C.I. medical staff, etc." ECF 1, ¶ 4. Plaintiff further alleges under the heading, "Deficient management of subordinates," that Dr. Berk;[5]

> "*failed to inform and train staff on policies designed to avoid, violation of constitutional rights and failure to properly Supervise staff to make sure that they followed policy and comply with their own policies and regulations caused plaintiffs constitutional rights to be violates causing a lot of suffering to plaintiff*;

ECF 1, ¶ 25

Plaintiff's single allegation against Dr. Berk, as one of four (4) prison administrators responsible for "management of subordinates," is a near text-book example of a naked assertion devoid of factual enhancements. Iqbal, 556 U.S. at 678 (*quoting* Twombly at 557). Even with the

---

[5] Plaintiff's single paragraph allegation is directed at Defendant Coyne-Fague, Defendant Devine, Defendant Berk, and Health Supervisor. It is unknown who Plaintiff is referring to in identifying "Health Supervisor."

deference given to the plaintiff as a *pro se* litigator, his allegations amount to nothing more than attempt to hold Dr. Berk liable for the actions of others based solely on the fact that he was in a supervisory position. Plaintiff fails to plead facts sufficient to establish the affirmative link necessary to impose § 1983 supervisory liability on Dr. Berk and fails to nudge his claim "across the line from conceivable to plausible" and therefore the claim must be dismissed as a matter of law. *See* ECF 1; Sanchez, 590 F.3d at 49; Twombly at 557.

## IV. CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant Justin Berk, M.D. respectfully requests this Honorable Court GRANT this motion and dismiss Plaintiff's Complaint for failure to state a claim on which relief be granted.

**DEFENDANT,
JUSTIN BERK, M.D. ,**

By his attorneys,

**TATE & LATHAM, LLC**

/s/ Jeffrey G. Latham
Jeffrey G. Latham, Esquire (#6264)
Christine A. Stowell, Esquire [#7967]
40 Westminster Street, Suite 350
Providence, RI 02903
401.421.7400
jlatham@tatelawri.com
cstowell@tatelawri.com

## **CERTIFICATION**

I hereby certify that I filed the within document via the ECF filing system on this 7th day of February, 2024, and that a copy is available for viewing and downloading.

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 7th day of February, 2024, to the following:

***Legal Mail***
Jose Rivera, 129316
RI DOC – Medium
PO Box 8274
Cranston, RI  02920

               /s/ Jeffrey G. Latham