## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**JOSE RIVERA,** *pro se*
     *Plaintiff,*

v.

**PATRICIA A. COYNE-FAGUE;
WILLIAM A. DEVINE; JUSTIN BERK;
CAPTAIN KABBAS; CHRISTOPHER
SALAS; THERESE DOE; MELISSA
WALSH**
     *Defendants.*

**C.A. 1:23-cv-00418-MSM-PAS**

## STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, Patricia A. Coyne-Fague, in her individual and official capacities; William A. Devine, in his individual and official capacities; Albert Kabbas, in his individual and official capacities; Melissa Walsh, in her individual and official capacities; Justin Berk, in his official capacity only; and Dr. Christopher Salas , in his official capacity only, (hereinafter, "State Defendants"), hereby submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff, Jose Rivera's, (hereinafter, "Plaintiff"), Complaint for failure to state a claim on which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). As grounds for the Motion, State Defendants assert Plaintiff fails to articulate any facts to support his claims of violation of rights protected under the Eighth Amendment, those rights as protected by the Equal Protection clause, or under the Rhode Island Constitution. Accordingly, the Complaint fails as a matter of law.

1

## I. __BACKGROUND__

State Defendants accept for purposes of this motion, without admitting, those purported facts asserted in Plaintiff's Complaint and summarizes as follows. Plaintiff is an inmate currently incarcerated at the Rhode Island Department of Corrections Adult Correctional Institution, (hereinafter, "ACI"). On October 12, 2023, Plaintiff filed a Complaint in this Honorable District Court alleging acts and omissions occurring while incarcerated and related. (*See* ECF No. 1).

Broadly, Plaintiff's Complaint takes exception to the manner in which his COVID-19 isolation and treatment was performed, including the manner in which apparent pulmonary issues were treated post-hospital release. Secondarily, Plaintiff takes exception to treatment of a medical condition (Psoriasis) and his access to a specific medicine (Otezla) to treat the same.[1] In relation to this claim, Plaintiff alleges State Defendants included inaccurate information existing within his medical records regarding the use of said Psoriasis medication. (*See* ECF No. 1 ¶24). Together, the claims form the basis of Plaintiff's Complaint in violation of rights protected under Article 1, Section 8 of the Rhode Island Constitution and the Eighth Amendment of the United States Constitution, in the alleged inadequate access to medical care and COVID-19 isolation, and violations of rights protected under the Equal Protection clause in the apparent disparate treatment inmates with Psoriasis receive.

---

[1] Psoriasis is an auto-immune condition resulting in scaly, patchy, and itchy skin lesions and can vary in severity from mild to severe in terms of symptoms and skin coverage. Otezla (apremilast) is an immunosuppressant medication used to treat psoriasis in adults. https://www.otezla.com.

## II.    STANDARD OF REVIEW

When reviewing a motion to dismiss, a court should employ the following two-part analysis. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). First, "[i]t should begin by identifying and disregarding statements in the complaint that merely offer 'legal conclusion[s] couched as…fact' or '[t]hreadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Then, "[n]on-conclusory factual allegations in the complaint must then be treated as true…" *Id.* A court need not, however, credit bald assertions or unverifiable conclusions. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

A court's "duty to be 'less stringent' with pro se complaints does not require [the Court] to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (*quoting Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir. 1979)). "The make-or-break standard…is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Ocasio-Hernandez*, 640 F.3d at 12 (quoting *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.)).

## III.    ARGUMENT

### A.   Plaintiff's Complaint Fails to State an Eighth Amendment Claim.

#### i.   *State Defendants Patricia A. Coyne-Fague, William A. Devine, and Justin Berk cannot be held liable for actions of others in a Supervisory Capacity under Section 1983.*

"It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable' under § 1983." *See*

*Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)). Supervisory liability exists under Section 1983 only for an official's "own acts or omissions" and not under *respondeat superior* or other vicarious liability. [2] *See Whitfield v. Melendez-Rivera*, 431 F.3d 1, 14 (1st Cir. 2005). A supervisor may be liable for the constitutional violations caused by a subordinate only where "the [supervisor's] action or inaction was affirmative[ly] link[ed] to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference.'" *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (quoting *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 902 (1st Cir. 1988)). Furthermore, "[a]n important factor in making the determination of liability is whether the official was put on some kind of notice of the alleged violations; for one cannot make a 'deliberate' or 'conscious' choice to act or not to act unless confronted with a problem that requires the taking of affirmative steps." *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 902 (1st Cir. 1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

In a recent decision, this Court stated that "[w]hile a plaintiff need not plead detailed factual allegations,' there must be more than "'naked assertions' devoid of 'further factual enhancement.'" *See Amato v. Loether,* No. 1:21-CV-00321, MSM-LDA, 2022 WL 103326 at *1 (D.R.I. Jan. 11, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[2] "The doctrine holding a principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." RESPONDEAT SUPERIOR, Black's Law Dictionary (11th ed. 2019).

678 (2009)). The minimal facts included in a complaint should include "who did what to whom, when, where, and why." *See Amato*, 2022 WL 103326 at *1 (D.R.I. Jan. 11, 2022) (citing *Educardores Puertorriquenos Accion v. Hernandez*, 367 F.3d 61, 68 (1ˢᵗ Cir. 2004)). In *Amato*, this Court found that the plaintiff simply alleging that records were sought and not received from the defendant was not sufficient to qualify as "factual averments" and did not allow for the defendant to respond nor for the Court "to assess whether such a claim can survive." *Amato,* 2022 WL 103326 at *2.

In the present matter, Plaintiff provides a "'naked assertion' devoid of 'further factual enhancement.'" (*See* ECF No. 1); *Id*. Under a section titled "Deficient management of subordinates", Plaintiff asserts Patricia A. Coyne-Fague, William A. Devine, and Justin Berk "fail[ed] to inform and train staff on policies designed to avoid[] violation of constitutional rights and failure to properly [s]upervise staff to make sure they followed policy and comply with their own policies and regulations..."[3] (*See* ECF No. 1 ¶25). Aside from this conclusory statement, Plaintiff does not assert any factual allegations to indicate any action or inaction by Patricia A. Coyne-Fague, William A. Devine, or Dr. Justin Berk. (*See* ECF No. 1); *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (finding that "[f]actual allegations must be enough to raise a right of relief above the speculative level on the assumption that all of the complaint's allegations are true"). Plaintiff does not provide any policies that were allegedly violated, any conduct or omissions, nor assert any facts to indicate

---

[3] Plaintiff's single paragraph allegation is directed at State Defendants Patricia A. Coyne-Fague, William A. Devine and Justin Berk, as well as a Health Supervisor. It is unknown who Plaintiff is referring to in identifying "Health Supervisor."  (ECF No. 1 ¶25).

Patricia A. Coyne-Fague, William A. Devine, or Dr. Justin Berk were put on notice of any alleged Constitutional violations. *Id.; Lipsett v. University of Puerto Rico*, 864 F.2d 881, 902 (1st Cir. 1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

Patricia A. Coyne-Fague, William A. Devine, and Dr. Justin Berk are not directly liable for the alleged actions performed by employees of the ACI nor does Section 1983 allow for any purely supervisory claims. Therefore, any allegations of supervisory liability must also fail. Ascribing the actions of others to Patricia A. Coyne-Fague, William A. Devine, and Dr. Justin Berk because they are alleged to have acted in some supervisory role is not sufficient to support a 42 U.S.C. 1983 claim. Consequently, the factual allegations fail to provide any basis for a claim upon which relief can be granted against Patricia Coyne-Fague and William Devine, in their individual and official capacities, and Dr. Justin Berk, in his official capacity, under 42 U.S.C. 1983, and should be dismissed.

     ii.   *Plaintiff's Complaint Fails to State a Factually Sufficient Claim Against State Defendants for an Eighth Amendment Violation under Section 1983.*

Plaintiff's allegations of "cruel and unusual punishment" arise from two main sources: 1) his medical treatment for Psorasis and pulmonary symptoms and 2) his isolation following a positive Covid-19 diagnosis. (*See* ECF No. 1 ¶27-32). State Defendants will address both of these allegations as they each do not amount to a constitutional violation.

### a. Medical Treatment

In *Estelle v. Gamble*, 429 U.S. 97, 97 (1976), the Supreme Court established that an Eighth Amendment claim of "cruel and unusual punishment" based on medical mistreatment requires more than "an inadvertent failure to provide adequate medical care" and must involve "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 105–06.; see also *Miranda v. Munoz*, 770 F.2d 255, 259 (1st Cir.1985). To state an Eighth Amendment claim for denial of adequate medical care, a plaintiff must allege "(1) a sufficiently serious condition, one that may produce death, degeneration, or extreme pain, See *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2nd Cir. 1996), and (2) that the defendants acted with a culpable state of mind, which must be the equivalent of criminal recklessness; namely when the official knows of and disregards an excessive risk to inmate health or safety." *Boyd v. Rhode Island Dep't of Corr.*, 160 F. Supp. 2d 213, 218 (D.R.I. 2001) (*See also Silva v. Rhode Island*, No. CV 19-568JJM, 2020 WL 5258639, at *2 (D.R.I. Sept. 1, 2020)) Mere negligence or medical malpractice does not constitute deliberate indifference. *Estelle*, 429 U.S. at 105. Rather, the official must intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed. *See Id.*

To meet the objective "seriousness" prong, the complaint must plausibly allege, as an objective matter, that the claimant has a serious medical need that received inadequate care. *Abernathy v. Anderson*, 984 F.3d 1, 6 (1st Cir. 2020). "A serious medical need is one that involves a substantial risk of serious harm if not adequately

treated." *Barrett v. Coplan*, 292 F. Supp. 2d 281, 285 (D.N.H. 2003); see *Gaudreault v. Mun'y of Salem*, Mass., 923 F.2d 203, 208 (1st Cir. 1990) (per curiam) (serious medical need is one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"). The First Circuit has found that "adequate medical care" is not the most sophisticated care available; nor is it care that is ideal, or of the inmate's choosing. *Kosilek v. Spencer*, 774 F.3d 63, at 82, 85 (1st Cir. 2014). When the claim is based on delayed medical treatment, the pleading must plausibly allege that the delay itself posed the substantial risk of injury. *Lombardo v. Graham*, 807 F. App'x 120, 123 (2d Cir. 2020) ("in cases where a prisoner alleges a delay in medical treatment, courts examine both the seriousness of the prisoner's medical conditions and the harm caused by any unreasonable delay"); *See also Glennie v. Garland*, No. CV 21-231JJM, 2023 WL 2265247, at *7 (D.R.I. Feb. 28, 2023).

"The Constitution proscribes treatment that shocks the conscience." *Glennie v. Garland*, No. CV 21-231JJM, 2023 WL 2265247, at *7 (D.R.I. Feb. 28, 2023); (*See also Kosilek,* 774 F.3d at 83.) An inadvertent or negligent failure to provide adequate care is not enough to sustain a constitutional claim. *Leavitt v. Corr. Medical Servs., Inc.*, 645 F.3d 484, 497 (1st Cir. 2011) ("subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim").

The subjective prong requires that the prison officials sued exhibited deliberate indifference to the prisoner's needs, not just inadvertence or negligence. *Estelle*, 429 U.S. at 105-06. It requires that the pleading allege facts sufficient to demonstrate

that each defendant was aware of the serious need for treatment, or of facts from which the need could be inferred, and still failed to provide it. *Glennie v. Garland*, No. CV 21-231JJM, 2023 WL 2265247, at *7 (D.R.I. Feb. 28, 2023) (Quoting *Barrett v. Coplan*, 292 F. Supp. 2d 281, 285 (D.N.H. 2003)) "Deliberate indifference" requires a showing of "greater culpability than negligence but less than a purpose to do harm ... showing a conscious failure to provide medical services where they would be reasonably appropriate." *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011). To show such a state of mind, the plaintiff must allege facts permitting the inference that the defendant had actual knowledge of impending harm, easily preventable, and yet failed to take the steps that would have easily prevented the harm. *Zingg v. Groblewski*, 907 F.3d 630, 635 (1st Cir. 2018).

In Plaintiff's Complaint, Plaintiff asserts State Defendant's Eighth Amendment violation stemming from a failure to provide adequate medical care. (*See* ECF No. 1). Specifically, Plaintiff alleges State Defendants 1) failed to expeditiously schedule Plaintiff's visit with a Pulmonary Specialist, 2) sent fictitious information to an outside medical facility, and 3) failed to provide prescribed Otezla medication for Plaintiff's Psoriasis. (*See* ECF No. 1 ¶27-32). However, Plaintiff's claims do not amount to the "deliberate indifference" standard required nor to conduct that "shocks the conscience." *Torraco v. Maloney,* 923 F.2d 231, 235 (1st Cir. 1991) *(*quoting *Sires v. Berman,* 834 F.2d 9, 13 (1st Cir.1987)*)*; *Estelle*, 429 U.S. at 97.

First, although Plaintiff did not visit a Pulmonary Specialist as quickly as he would have liked to, Plaintiff alleges he did see a Pulmonary Specialist within the

timespan of seventeen months. (*See* ECF No. 1 ¶22). Additionally, this was after receiving medical care for nine months at hospitals outside of the ACI and speaking with a Pulmonary Specialist, Dr, Dora Szkwarko, according to the Complaint. (*See* ECF No. 1 ¶13, 14, 21). Furthermore, Plaintiff does not assert any facts to indicate how this delay posed a "substantial risk of injury." *Lombardo v. Graham*, 807 F. App'x 120, 123 (2nd Cir. 2020) (When the claim is based on delayed medical treatment, the pleading must plausibly allege that the delay itself posed the substantial risk of injury.) In relation to this claim, the only factual assertion Plaintiff provides, aside from supervisory claims, is that State Defendant Melissa Walsh, Health Unit Clerk, "failed to schedule [] [P]laintiff's appointments/follow-ups." (*See* ECF No. 1 ¶9). However, even accepting Plaintiff's allegation as true, the limited facts asserted do not rise beyond mere negligence, which is not sufficient to establish an Eight Amendment violation.

Second, even accepting the inclusion of Otezla on Plaintiff's medication list, without Plaintiff receiving the medication, as true, this allegation also does not amount to more than mere negligence, which does not rise to an Eight Amendment violation. *Layne v. Vinzant*, 657 F.2d 468, 474 (1st Cir.1981); *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d 158, 161-62 (1st Cir. 2006).

Third, assuming Plaintiff's Psoriasis is considered a "serious medical condition", Plaintiff has failed to plead facts asserting State Defendants were aware of the need for medical treatment or had any reason to believe Plaintiff needed medical treatment. (*See* ECF No. 1). According to the facts alleged in Plaintiff's

Complaint, State Defendants were not involved in prescribing Plaintiff Otezla, administering Plaintiff Otezla, or had any interaction with the Plaintiff in relation to this claim. *Id.*

Accordingly, Plaintiff claims of an Eight Amendment violation stemming from inadequate medical care should be dismissed against all State Defendants.

### b. *Covid-19 Isolation*

The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conditions of confinement that involve the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see Estelle,* 429 U.S. 97 at 105-06. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). To allege an Eighth Amendment claim, a plaintiff must plead facts which establish both an objective component, that the defendant was forced to endure "extreme deprivations", and a subjective component, that the defendant acted with "deliberate indifference" to such conditions. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). With respect to the objective component, "[t]he Constitution ... 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 & 347 (1981)). With respect to the subjective element, the plaintiff must plead facts indicating that the defendant was aware of

11

and consciously disregarded a serious risk of substantial harm to the plaintiff. *See Farmer,* 511 U.S. at 826. *See also Palermo v. Rhode Island ACI*, No. CIV.A. 10-221 ML, 2010 WL 2731429, at *3 (D.R.I. June 16, 2010), *report and recommendation adopted*, No. CIV.A. 10-221 ML, 2010 WL 2731397 (D.R.I. July 9, 2010).

Following a Covid-19 positive diagnosis, Plaintiff was placed in isolation with another inmate who was also ill, to reduce the spread of Covid-19 among the ACI facility. (*See* ECF No. 1 ¶12). Plaintiff asserts his placement in a new cell for isolation purposes "exposed [him] to a serious risk of harm." (ECF No. 1 ¶12). However, Plaintiff does not assert any factual allegations, medical or otherwise, as to why this placement presented a substantial risk nor any facts to indicate the State Defendants were aware of any substantial risk. (*See* ECF No. 1). Plaintiff baldly asserts "Defendants exposed [P]laintiff to a substantial risk of serious harm, by putting [P]laintiff in D-left, with another inmate in the cell, knowing that we need to be isolated." (ECF No. 1 ¶31) However, Plaintiff was isolated, with another individual who was also ill, as was common practice to reduce the spread of Covid-19. (ECF No. 1 ¶12). Additionally, this placement does not rise to the level of an "extreme deprivation" nor has Plaintiff provided any facts asserting the State Defendants were indifferent to any conditions alleged. *See Hudson,* 503 U.S. at 8–9. Rather, when Plaintiff's symptoms worsened, he was promptly sent to Kent Hospital to receive medical care.

Accordingly, Plaintiff claims of Eight Amendment violation stemming from Covid-19 isolation should be dismissed against all State Defendants.

B. **Plaintiff's Complaint Fails to State a Claim under the Rhode Island Constitution.**

Plaintiff asserts a cause of action under Article 1, Section 8 of the Rhode Island Constitution. (*See* ECF No. 1 ¶36). Article 1, Section 8 of the Rhode Island Constitution is not self-executing and does not create a private cause of action; accordingly, any count brought thereunder fails to state a claim and should be dismissed. The constitutional provision states "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted; and all punishments ought to be proportioned to the offense." R.I. Const. art 1, § 8. The Rhode Island Supreme Court has consistently held that state constitutional provisions do not create a private cause of action without legislative action. See, e.g., *Folan v. State Dep't of Child., Youth, and Families,* 723 A.2d 287, 292 (R.I. 1999); *Doe v. Brown Univ.,* 253 A.3d 389, 401 (R.I. 2021); *Felkner v. R. I. Coll.*, 203 A.3d 433, 447 (R.I. 2019).

Rhode Island law is clear that a constitutional provision, such as Article I, Section 8, does not give rise to a private cause of action for monetary damages in the absence of language providing for a monetary remedy. *See Bandoni v. State*, 715 A.2d 580, 594-95 (R.I. 1998); *Benbow v. Coyne-Fague, et al.,* No. CV-23-171-JJM-LDA, 2023 WL 5133224 (D.R.I. Aug. 10, 2023) ("Rhode Island law is clear that a constitutional provision does not give rise to a private cause of action for money damages without language providing for a monetary remedy.")(internal citations omitted). The Rhode Island Legislature has not acted to create a private cause of action to redress violations of Article 1, Section 8. Furthermore, in a recent decision, this Court

declined to recognize a direct cause of action under Article 1, Section 8 of the Rhode Island Constitution. *Parente v. Wall*, No. 1:16-CV-0055-MSM-PAS, 2023 WL 8879023, at 6 (D.R.I. Dec. 22, 2023). As Article 1, Section 8 is not self-executing, Plaintiff does not enjoy a private cause of action thereunder and this claim should be dismissed in its entirety.

C. **Plaintiff's Complaint Fails to Sufficiently Plead a Violation of Rights Protected Under the Equal Protection Clause.**

Plaintiff asserts a Fourteenth Amendment claim, under the Equal Protection Clause. (ECF No. 1 ¶33-35). Plaintiff asserts "Defendant's violated [P]laintiff's right to be treated like other inmates that have [Psoriasis]…" as Plaintiff alleges there are other incarcerated individuals who are receiving treatment. (ECF No. 1 ¶34) "The essence of the Equal Protection Clause is that government should treat similarly situated persons alike." *Street v. Moloney,* 991 F.2d 786, at *4 (1st Cir.1993). As in the present matter, if the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. (*Cable v. Wall,* No. CIV.A. 09-439 ML, 2010 WL 1486494, at *7 (D.R.I. Mar. 18, 2010), *report and recommendation adopted sub nom. Cable v. Wall*, No. CA09-439 ML, 2010 WL 1531374 (D.R.I. Apr. 13, 2010); (*See Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)); *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 440 (1985)) (citations omitted). In the prison context, to establish an Equal Protection Clause claim not based on a suspect classification, inmates must demonstrate that their differential treatment was arbitrary and capricious rather than

based on a rational relationship to a legitimate state goal. *See Nadeau v. Helgemoe,* 561 F.2d 411, 416 (1st Cir. 1977).

Plaintiff's Equal Protection claim fails to state a claim on which relief may be granted. Plaintiff does not assert any State Defendant intentionally treated him differently than any other similarly situated persons with Psoriasis or intentionally treated him differently because of his Psoriasis. *See Buchanan v. Maine,* 469 F.3d 158, 17 (1st Cir.2006) ("Plaintiffs claiming an equal protection violation must first identify and relate *specific instances* where persons situated *similarly in all relevant aspects* were treated differently, instances which have the capacity to demonstrate that [plaintiffs] were singled…out for unlawful oppression.") (citation and inner quotations omitted); *Williams v. Wall,* No. 06–12, 2006 WL 2854296, at * 3 (D.R.I. Oct. 04, 2006)("To state an equal protection claim under § 1983, plaintiff must allege 'that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.') (citation omitted.))

Plaintiff fails allege Patricia A. Coyne-Fague, William A. Devine, Albert Kabbas, Melissa Walsh, Dr. Justin Berk, or Dr. Christopher Salas  is responsible for withholding his Otezla medication, any alleged variation in treatment in comparison to others with Psoriasis, or any treatment at all. (*See* ECF No. 1). Therefore, the Complaint fails to sufficiently assert facts sufficient to state that any alleged failure to provide Plaintiff's Otezla medication was arbitrary and capricious. Accordingly, Plaintiff's Fourteenth Amendment violation claim should be dismissed against all State Defendants.

D. **If the Court finds that Plaintiff's claims do not fail, State Defendants are Protected by Qualified Immunity.**

Further, State Defendants, in their individual capacity, are entitled to qualified immunity. The doctrine of qualified immunity offers public officials a defense against liability under 42 U.S.C. § 1983. *Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664, 666 (1st Cir. 1996) (citing *Gomez v. Toledo*, 446 U.S. 635, 639 (1980)). "The qualified immunity defense exists not only to shield officials from liability for damages, but also to protect them from 'the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Under the doctrine of qualified immunity, public officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818; see *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity leaves "ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law." *Bilida v. McCleod*, 211 F.3d 166, 174 (1st Cir. 2000) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Importantly, "because '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability,' [courts] repeatedly have stressed

the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (emphasis in original) (internal citations omitted).

"In determining whether a government official is entitled to qualified immunity, courts must consider (1) whether the facts alleged by plaintiff constitute a violation of plaintiff's constitutional rights and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Johnson v. McDonald*, No. 19-CV-10256-ADB, 2019 WL 5898753, at * 4 (D. Mass. Nov. 12, 2019) (citing *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009)). Courts are permitted to address the two questions in any order. *Id.* (citing *Pearson*, 555 U.S. at 236).

As previously discussed *supra*, Plaintiff has failed to allege facts to substantiate any claim State Defendants violated his Eighth or Fourteenth Amendment rights in relation to his medical treatment while at the ACI or his isolation stemming from a Covid-19 positive diagnosis. (See ECF No. 1) Therefore, Plaintiff's Complaint fails to allege any State Defendants violated any clearly established constitutional right. As such, State Defendants Patricia A. Coyne-Fague, William A. Devine, Albert Kabbas, and Melissa Walsh, are entitled to qualified immunity, in their individual capacity.

E. **If the Court finds that Plaintiff's claims do not fail, Plaintiff is Not Entitled to the Relief Sought.**

   i. *Plaintiff Cannot Obtain Monetary Damages Under Section 1983 Against State Defendants in their Official Capacities.*

Plaintiff request for compensatory and punitive damages against Patricia A. Coyne-Fague, William A. Devine, Albert Kabbas, Melissa Walsh, Dr. Justin Berk, and Dr. Christopher Salas , in their official capacity, is barred as the State cannot be liable for damages in an action brought pursuant to Section 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) *(*State officials acting in their official capacities are not "persons" within the meaning of § 1983 and cannot be sued for damages.*)* This disposes of the damages claimed against Patricia A. Coyne-Fague, William A. Devine, Albert Kabbas, Melissa Walsh, Dr. Justin Berk, and Dr. Christopher Salas , in their official capacities.

Section 1983 provides:

> **Every person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

*See* 42 U.S.C. § 1983 (emphasis added).

The United States Supreme Court has made clear that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71 (stating "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . .. As such, it is no different from a suit against the State itself."). As the First Circuit stated, "[i]t is settled beyond peradventure…that neither a state agency nor a state official acting in

his official capacity may be sued for damages in a § 1983 action." *Johnson v. Rodrigues*, 943 F.2d 104, 108 (1ˢᵗ Cir. 1991).

Accordingly, Plaintiff claims must be dismissed to the extent it seeks compensatory and punitive damages against Patricia A. Coyne-Fague, William A. Devine, Albert Kabbas, Melissa Walsh, Dr. Justin Berk, and Dr. Christopher Salas , in their official capacities.

    ii.   <u>*Plaintiff Cannot Obtain the Declaratory Relief Sought.*</u>

Plaintiff requests declaratory relief in the present matter. (ECF No. 1 ¶A). Declaratory judgement provide "a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy." *10B Charles Allen Wright et al.*, Federal Practice and Procedure § 2751 (4th ed.)."With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is ... not permissible as it would be merely advisory." *ACLU of Mass. v. U.S. Conf. of Catholic Bishops*, 705 F.3d 44, 53 (1ˢᵗ Cir. 2013). For declaratory relief to survive a mootness challenge, the facts alleged must "show that there is a substantial controversy ... of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (quoting *Md. Cas. Co. v. Pac. Co.*, 312 U.S. 270, 273 (1941)) (emphasis in original). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3ʳᵈ Cir. 1987).

The present matter is quite similar to *Madison v. Cruz*, 390 F. Supp. 3d 191, 197 (D. Mass. 2019), where the plaintiff sought a declaration that a named defendant "violated [his] rights secured by the Eight and Fourteenth Amendments to the United States Constitution." There, the Massachusetts District Court for the District of Massachusetts denied plaintiff's request for declaratory judgment as the court concluded plaintiff's request seeks declaratory judgment that defendant's "past conduct was unlawful." *Madison v. Cruz*, 390 F. Supp. 3d 191, 197 (D. Mass. 2019). Therefore, "[t]here [was] no real question of conflicting legal interests for the Court to determine." *Id.*

Similarly, in the present matter, Plaintiff seeks a declaration "the Defendant's conduct violated the U.S. Constitution and R.I. Constitution." ECF No. 1 ¶A). This request is merely seeking the Court to determine State Defendants' conduct was unlawful under the Rhode Island Constitution and the United States Constitution, and therefore, fails to assert a "real question of conflicting legal interests." *Madison*, 390 F. Supp. 3d at 197. Plaintiffs request for declaratory judgment is an improper form of relief and should be denied as to all State Defendants.

## IV.  **CONCLUSION**

State Defendants respectfully asks this Court to grant their Motion to Dismiss for the reasons stated herein, and to dismiss Plaintiff Complaint with prejudice and enter judgment in favor of Patricia A. Coyne-Fague, in her individual and official capacities; William A. Devine, in his individual and official capacities; Albert Kabbas,

20

in his individual and official capacities; Melissa Walsh, in her individual and official capacities; Dr. Justin Berk, in his official capacity only; and Dr. Christopher Salas, in his official capacity only.

Respectfully submitted,

Patricia A. Coyne-Fague, in her individual and official capacities; William A. Devine, in his individual and official capacities; Albert Kabbas, in his individual and official capacities; Melissa Walsh, in her individual and official capacities; Justin Berk, in his official capacity only; and Christopher Salas, in his official capacity only

By their Attorney:

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Jasmin Anastacio*

Jasmin Anastacio (#10756)
Special Assistant Attorney General
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2087 | janastacio@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document on this 13th day of March 2024 via the ECF filing system and that a copy is available for viewing and downloading and that the same has been mailed, via First Class Mail, postage pre-paid, to the following individual below.

Jose Rivera #129316
Medium Security Center
P.O. Box 8274
Cranston, RI 02920

*/s/ Jasmin Anastacio*