UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSE RIVERA : | |
|     *Plaintiff,* : | |
| : | |
| v. : | C.A. No. 1:23-cv-00418-MSM-LDA |
| : | |
| PATRICIA COYNE-FAGUE, et al, : | |
|     *Defendants* : | |

**STATE DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS AMENDED COMPLAINT (ECF 31) AS IT RELATES TO DEFENDANT, A.C.I, IN THEIR INDIVIDUAL CAPACITY, OR IN THE ALTERNATIVE, FOR ELARGEMENT OF TIME TO RESPOND**

Now comes the State Defendant, Patricia A. Coyne-Fague, in her official capacity, and hereby move to strike Amended Complaint (ECF No. 31) as it relates to "A.C.I Health Services, in their individual capacity" as outside the scope of this Court's Order and not properly presented. In the alternative, the undesigned seeks leave of Court for an enlargement of time to respond to the same.

The Amended Complaint, as it pertains to "A.C.I. Health Services, in their individual capacity" is not properly before this Court. The Court granted State Defendant's Motion to Dismiss (ECF No. 25) on March 29, 2024 as to all State Defendants. (ECF No. 30). However, in dismissing the complaint, the Court permitted Mr. Rivera a period of thirty (30) days in which to amend his Complaint by following the procedures outlined in Fed. R. Civ. P. 15 to adequately plead an Eighth Amendment violation against Dr. Berk, Dr. Salas, or both, limited to the delay in having him examined by a pulmonology specialist and to the failure to medicate his psoriasis in spite of specific recommendations by ACI medical personnel that he

1

receive Otezla. (ECF No. 30). Notably, the Order did not provide Mr. Rivera leave to add new defendants. Notwithstanding this Court's Order, and without leave to do the same, Mr. Rivera filed his newly amended complaint (ECF No. 31) but added a new defendant in ACI Health Services, in their individual capacity. The Court's decision only permitted Plaintiff to amend his Complaint as to Defendants Dr. Berk and Dr. Salas, limited to the parameters above, and did not permit Plaintiff to amend his Complaint to add any additional defendants. Therefore, the inclusion of A.C.I Health Services, in their individual capacity, is beyond the amendments permitted by the Court and should be stricken from Plaintiff's Amended Complaint (ECF No. 31) as well as the record.

Alternatively, if the Court permits the inclusion of A.C.I Health Services, in their individual capacity, to Plaintiff's Amended Complaint (ECF No. 31), State Defendant requests additional time of twenty (20) days, up to and including, August 14, 2024 to respond to Plaintiff's Amended Complaint (ECF No. 31).

**WHEREFORE**, State Defendant respectfully requests A.C.I Health Services, in their individual capacity, stricken from Plaintiff's Amended Complaint (ECF No. 31) as well as the record. In the alternative, if the Court permits the inclusion of A.C.I Health Services, in their individual capacity, Defendant requests additional time of twenty (20) days, up to and including, August 14, 2024 to respond to Plaintiff's Amended Complaint (ECF No. 31).

Respectfully submitted,

Defendant,

Patricia Coyne-Fague, in her official capacity

By:

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Jasmin Anastacio*
Jasmin Anastacio, Bar 10756
Special Assistant Attorney General
R.I. Office of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2089
(401) 222-3016 (Fax)
janastacio@riag.ri.gov

## CERTIFICATION

I, the undersigned, hereby certify that I have filed the within Document via the ECF System and that it is available for viewing and downloading on this 25th day of July 2024 and that on this same day I also caused a copy of the foregoing document to be mailed via U.S. mail, postage prepaid, to the following:

Jose Rivera, PRO SE
#129316
Rhode Island Department of Corrections
John J. Moran – Medium
P.O. Box 8274
Cranston, RI 02920

*/s/ Jasmin Anastacio*