UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JOSE RIVERA,<br>　　Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.A. No. 1:23-cv-00418-MSM-PAS |
| WAYNE SALISBURY, et al.<br>　　Defendants. | ) ) ) | |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion to Dismiss of the defendants, State of Rhode Island Department of Corrections ("RIDOC") and Wayne Salisbury, Jr., Glenn Tucker, Karen Grande, Christopher Salas, Emma Porter, and Justin Berk, all in their official capacities (hereinafter, "State Defendants"). (ECF No. 71.) Also before the Court is the Motion to Dismiss of the defendants, Justin Berk, Christopher Salas, Karen Grande, Glenn Tucker, and Emma Porter in their individual capacities (hereinafter, "Individual Defendants"). (ECF No. 72.) The plaintiff, Jose Rivera, asserts claims against both State Defendants and Individual Defendants based on their allegedly inadequate medical care of him during his incarceration by RIDOC. (ECF No. 51). For the following reasons, the Court GRANTS the State Defendants' Motion to Dismiss but DENIES the Individual Defendants' Motion to Dismiss.

## I.   BACKGROUND

In his Second Amended Complaint, Mr. Rivera alleges a history of inadequate medical care by the defendants dating back to December 2020, when he was diagnosed with COVID-19 and taken to a hospital for treatment.  (ECF No. 51 ¶ 13.) He remained hospitalized for much of 2021 and was diagnosed in September 2021 with pulmonary fibrosis.  *Id.* ¶ 15–10.  After Mr. Rivera was released back to the RIDOC Adult Correctional Institution ("ACI"), Dr. Salas entered a referral for Mr. Rivera to see a pulmonary specialist.  *Id.* ¶ 31.  The thrust of Mr. Rivera's Second Amended Complaint is that the defendants failed to adequately treat his respiratory and pulmonary issues over the following years, particularly by repeatedly failing to follow up on medical orders and referrals entered on his behalf.  *See id.* ¶ 131.

Mr. Rivera filed suit on October 12, 2023.  (ECF No. 1) ("Original Complaint"). The Original Complaint named as defendants Patricia Coyne-Fague, William Devine, Justin Berk, Albert Kabbas, Christopher Salas, and Melissa Walsh (collectively, "Original Defendants"), all of whom Mr. Rivera sued in both their individual and official capacities.  *Id.* ¶¶ 1–9.  The Original Complaint, which was filed *pro se*, lacks much of the detail of the Second Amended Complaint, but essentially outlines the same pattern of allegedly inadequate medical care, including the Original Defendants' failure to timely address Mr. Rivera's pulmonary and respiratory issues. *Id.* ¶¶ 12–26.  The Original Complaint asserts that this inadequate care violated the Eighth and Fourteenth Amendments of the United States Constitution, as well as the Rhode Island Constitution.  *Id.* ¶¶ 27–36.

On March 29, 2024, the Court granted the Original Defendants' Motion to dismiss.  (ECF No. 30) ("Dismissal Order").  In the Dismissal Order, the Court specifically dismissed the Original Complaint "as it pertain[ed] to all defendants in their official capacities."  *Id.* at 1.  The Dismissal Order also dismissed all individual-capacity claims against the Original Defendants, but it specified that this dismissal was granted with leave for Mr. Rivera to amend his Complaint with respect to defendants Berk and Salas.  *Id.* at 1–2.  This leave to amend was granted to allow Mr. Rivera to "adequately plead an Eighth Amendment violation against Dr. Berk, Dr. Salas, or both," and was expressly "limited to the delay in having [Mr. Rivera] examined by a pulmonology specialist and the failure to medicate his psoriasis in spite of specific recommendations by ACI medical personnel that he receive Otezla."  *Id.* at 10.

Following the Dismissal Order, Mr. Rivera amended his Complaint within the timeframe set by the Court.  (ECF No. 31.)  His First Amended Complaint named as defendants Justin Berk and Christopher Salas in their individual capacities.[1]  *Id.* at 1.  After amending his Complaint, Mr. Rivera filed a "Motion to Appoint Counsel" (ECF No. 32), which was opposed by Drs. Berk and Salas.  (ECF No. 35.)  Drs. Berk and Salas also moved to dismiss the First Amended Complaint.  (ECF Nos. 33; 34.)  The Court denied those motions, finding that Mr. Rivera had adequately pled Eighth Amendment violations.  (ECF No. 42.)  The Court construed Mr. Rivera's Motion to

---

[1] The First Amended Complaint also originally named ACI Health Services as a defendant, but the Court granted a Motion to Strike (ECF No. 44) this defendant from that Complaint.

3

Appoint Counsel as a request that the Court invite counsel to represent him, which the Court granted. *Id.* After counsel was appointed for Mr. Rivera, he submitted the instant Second Amended Complaint (ECF No. 51).

## II.   STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must set forth a "plausible claim." *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009). That means the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island,* 542 F.3d 944 (1st Cir. 2008).

## III.   DISCUSSION

The State Defendants' primary argument in support of their Motion to Dismiss is that Mr. Rivera's official-capacity claims are barred by the doctrine res judicata. (ECF No. 71-1 at 5.) This doctrine prevents parties from relitigating issues that were or could have been raised during a previous lawsuit where a final judgment was reached. *Allen v. McCurry,* 449 U.S. 90, 94 (1980). "[T]he the elements of a res judicata defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *In re*

*Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003). Res judicata's purpose is to reduce the burden of multiple lawsuits, conserve judicial resources, and prevent inconsistent decisions. *Allen*, 449 U.S. at 94.

State Defendants assert that all the elements of res judicata are satisfied with respect to Mr. Rivera's official-capacity claims. (ECF No. 71-1 at 5–14.) The Court agrees. The first and third elements of res judicata are easily met here. As a dismissal under Fed. R. Civ. P. 12(b)(6), the Dismissal Order operated as a decision on the merits of Mr. Rivera's claims. *See* Fed. R. Civ. P. 41(b); *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 388 (1st Cir. 1994) ("A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a decision on the merits."). And provided that the Court determines that Mr. Rivera's claims are sufficiently identical to those alleged in the Original Complaint, the privity between State Defendants and the official-capacity Original Defendants satisfies the third element of res judicata. *See Cruz Berrios v. Gonzalez-Rosario*, 630 F.3d 7, 14 (1st Cir. 2010) ("Traditionally, '[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicata in relitigation of the same issue between that party and another officer of the government.'") (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940)).

The more difficult issue is the second element: whether Mr. Rivera's present claims against State Defendants are indeed sufficiently identical to those brought in the Original Complaint as to be precluded here. The First Circuit follows a "transactional approach" to determine whether claims are sufficiently identical.

5

*Apparel Art Intern., Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995). Under this approach, claims that share a "common nucleus of operative facts" are treated as a single transaction, and are therefore considered to be sufficiently identical. This is true even if the same set of facts gives rise to different legal claims. *Id.* at 583–84.

Courts consider several factors to determine whether a party's claims derive from the same nucleus of operative facts. *Id.* at 585. "These factors include: 1) whether the facts are related in time, space, origin or motivation; 2) whether the facts form a convenient trial unit; and 3) whether treating the facts as a unit conforms to the parties' expectations." *Id.* Courts also may consider the nature of a party's alleged injuries to determine whether it is derived from a common nucleus of operative facts. *Id.*

Here, Mr. Rivera's Second Amended Complaint alleges additional facts than those in the Original Complaint, and he asserts additional disability discrimination and related claims not previously presented. *See* ECF No. 51 ¶¶ 131–47. But the State Defendants argue that these additional facts and claims all essentially stem from the same common nucleus of operative fact as those alleged in the Original Complaint: namely, Mr. Rivera's ongoing medical care during his incarceration by RIDOC. (ECF No. 71 at 9–12.) The State Defendants specifically note that the bulk of the factual content set forth by the Second Amended Complaint took place before the filing of the Original Complaint, and they contend that the factual allegations that post-date the Original Complaint do not present any distinct or legally sufficient

6

claims. *Id.* Mr. Rivera, for his part, makes no meaningful argument that his present claims do not share a common nucleus of operative fact as those contained in his Original Complaint. *See* ECF No. 74 at 14 (describing the Second Amended Complaint as "a more thorough account of the factual allegations supporting his claims").

Having considered the factors outlined by the First Circuit for evaluating whether claims share a common nucleus of operative fact, the Court agrees with State Defendants. The additional details included in Mr. Rivera's Second Amended Complaint are, in his own words, merely "a more thorough account" of the facts underpinning the Eighth Amendment claims alleged in the Original Complaint, at least with respect to State Defendants. And the fact that he now includes additional claims alleging disability discrimination does not save those claims from the preclusive effect of the Dismissal Order. *See Amertex*, 48 F.3d at 583–884. Because all three elements of res judicata are satisfied with respect to Mr. Rivera's claims against State Defendants, dismissal of those claims is warranted.

The Individual Defendants' Motion to Dismiss expressly incorporates by reference the arguments contained in the State Defendants' Motion to Dismiss, including the invocation of res judicata, and argues that Mr. Rivera has failed to state a claim upon which relief may be granted. *See* ECF No. 72. But the Individual Defendants' Motion was filed on October 23, 2025, over a month after each of the Individual Defendants filed Answers responding to the Second Amended Complaint. *See* ECF Nos. 65–69. Under Fed. R. Civ. P. 12(b), a motion asserting a defense of

7

failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed."  The Individual Defendants make no reply to Mr. Rivera's argument that their Motion to Dismiss is consequently untimely.

Generally, the simplest course would be for the Court to treat Individual Defendants' Motion as one for judgment on the pleadings, under Fed. R. Civ. P. 12(c), and to rule on it accordingly.  *See Aponte-Torres v. U. Of Puerto Rico*, 445 F.3d 50, 54 (1st Cir. 2006).  Complicating matters, however, is another procedural issue: the absence of any clear invocation of res judicata as an affirmative defense in the Individual Defendants' Answers to the Second Amended Complaint.  *See Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003) ("As an affirmative defense enumerated in Federal Rule of Civil Procedure 8(c), normally res judicata is deemed waived unless raised in the answer.").  Neither party addresses this issue, nor any other substantive issue specific to Individual Defendants' Motion to Dismiss, in their briefing on that Motion.

Given the lack of full briefing specific to the Individual Defendants, converting their Motion to Dismiss into one for judgment on the pleadings would be inappropriate.  As a result, the Court denies the Individual Defendants' Motion to Dismiss as untimely.[2]

---

[2] Because the Court has found the Individual Defendants' Motion to Dismiss to be untimely, it does not rule on the merits of any of the defenses—including res judicata—presented in that motion.  Under Fed. R. Civ. P. 12(h)(2), the Individual Defendants retain the ability to present those defenses in a properly filed Motion for Judgment on the Pleadings under Rule 12(c).

## IV.    CONCLUSION

In summary, for all these reasons, the Court GRANTS the State Defendants' Motion to Dismiss (ECF No. 71) in its entirety but DENIES the Individual Defendants' Motion to Dismiss (ECF No. 72).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

June 2, 2026

9